IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PASCAL GEDEON,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 25-CV-5481 |
| BOP, *et al.*,<br>    Defendants. | :<br>:<br>: |

### MEMORANDUM

**GALLAGHER, J.**                                                            **OCTOBER 27, 2025**

      Pascal Gedeon filed a *pro se* Complaint asserting civil rights claims and seeking unspecified declaratory and injunctive relief alleging he is unable to use a messaging service while in the custody of the United States Bureau of Prisons ("BOP") to contact his spouse in Haiti. Named as Defendants are the BOP, FDC Philadelphia, FCI Loretto, the United States, and the Attorney General. Gedeon also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Gedeon leave to proceed *in forma pauperis*, dismiss his claims to the extent they involve his custody at FDC Philadelphia, and transfer the remaining claims in the Complaint involving his custody at FCI Loretto to the United States District Court for the Western District of Pennsylvania.

I.      **FACTUAL ALLEGATIONS**[1]

Gedeon has been convicted and sentenced on child pornography charges. *See United States v. Gedeon*, Crim. No. 21-CR-210 (E.D. Pa.). He asserts that, while he was formerly housed at FDC Philadelphia, and continuing now that he has been transferred to FCI Loretto, he has been "denied access to Trulincs, which is a messaging service offered by the BOP that only allows users to send email without the possibility to send or receive videos or images." (Compl. at 2.) Gedeon's spouse resides in Haiti, and he wants to use Trulincs to communicate with her because the cost is far less than using a telephone. (*Id.*) Although not entirely clear, Gedeon appears to contend that he has been denied the use of Trulincs because of the nature of his conviction on child pornography charges. He asserts that the BOP has no compelling reason that justifies the restriction on his using the messaging service, and appears to also challenge whether he will be able to access the internet after his release from custody.[2] (*Id.*) He asserts that "these laws assume that all sex offenders are unfit to use the internet, regardless of the circumstances and the facts of the case." (*Id.*) He seeks unspecified declaratory and injunctive relief, presumably an order permitting him to access Trulincs.

---

[1] The factual allegations set forth in this Memorandum are taken from Gedeon's Complaint. (ECF No. 1.) The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system. On statutory screening, the Court may also consider information contained in public records. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[2] To the extent Gedeon challenges portions of his sentence, those claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994) and must be pursued in his criminal case on appeal.

II.     **STANDARD OF REVIEW**

The Court grants Gedeon leave to proceed *in forma pauperis*.[3] The Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))). The Court's continuing obligation to assure its jurisdiction includes an assessment of whether a claim has become moot. *See Seneca Res. Corp. v. Twp. of Highland, Elk Cty., Pa.*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of standing and mootness *sua sponte*."). Also, a "court may . . . raise considerations of venue *sua sponte*." *Garcia v. Pugh*, 948 F. Supp. 20, 23 n.5 (E.D. Pa. 1996) (citing *Kirby v. Mercury Sav. and Loan Ass'n*, 755 F. Supp. 445, 448 (D.D.C. 1990)).

---

[3] Because Gedeon is a prisoner, he must still pay the $350 filing fee for this case in installments as required by the Prison Litigation Reform Act.

### III.  DISCUSSION

####    A.  FDC Philadelphia

Gedeon appears to allege that the restriction on his use of Trulincs violates his First Amendment rights and seeks declaratory and injunctive relief.  (Compl. at 1.)  The restriction apparently began while he was in custody at FDC Philadelphia and is continuing at FCI Loretto.  To the extent his Complaint seeks relief concerning FDC Philadelphia, his claims are moot since he is no longer housed there.

The United States Court of Appeals for the Third Circuit has observed that, when addressing inmate requests for injunctive relief:

> As a preliminary matter, we must determine whether the inmates' claims are moot because "a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (quotations omitted); *see also Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993).  An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims.  *Abdul-Akbar*, 4 F.3d at 197 (former inmate's claim that the prison library's legal resources were constitutionally inadequate was moot because plaintiff was released five months before trial).

*Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003); *see also Griffin v. Beard*, 401 F. App'x 715, 716-17 (3d Cir. 2010) (*per curiam*) (transfer from SCI Huntingdon rendered inmate's injunctive relief claim moot).  Where an inmate seeks injunctive relief against officials at a prison but is no longer housed at the prison where these injunctive claims arose his "transfer to another institution moots any claims for injunctive or declaratory relief."  *Fortes v. Harding*, 19 F. Supp. 2d 323, 326 (M.D. Pa. 1998) (citing *Abdul-Akbar*, 4 F.3d at 206-07); *see also Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981) ("[C]ourts have held that a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge").

Because Gedeon is no longer housed at FDC Philadelphia and there is no indication he will return now that he has been sentenced for his conviction, his claim for injunctive relief is moot.[4]

**B.      FCI Loretto**

To the extent he seeks relief concerning his confinement at FCI Loretto, venue for that claim is not proper in this District.  *See* 28 U.S.C. § 1391(e).  In determining venue, a plaintiff's "choice of forum is a paramount consideration that should not lightly be disturbed." *Ayling v. Travelers Prop. Casualty Corp.*, No. 99-3243, 1999 WL 994403, at *2 (E.D. Pa. Oct. 28, 1999). "However, courts give substantially less weight to a plaintiff's forum choice when the dispute at the heart of a lawsuit occurred almost entirely in another state." *Santi v. Nat'l Bus. Recs. Mgmt., LLC*, 722 F. Supp. 2d 602, 607 (D.N.J. 2010) (citing *NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F. Supp. 2d 317, 321 (D.N.J. 1998); *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 481-82 (D.N.J. 1993)).

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *See Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020) (noting that a district court may transfer a case pursuant to a party's request or *sua sponte*) (citing 28 U.S.C. §§ 1404, 1406); *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 171 (3d Cir. 2011) (recognizing *sua sponte* transfer pursuant to § 1404(a)); *see also Bent Glass Design v. Scienstry, Inc.*, No. 13-4282, 2014 WL 550548, at *6 (E.D. Pa. Feb.

---

[4] Additionally, declaratory relief is unavailable to adjudicate past conduct, so Gedeon's request for declaratory relief about his time in custody at FDC Philadelphia is improper.  *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct.").

12, 2014) (noting that "a district court may upon motion or *sua sponte* dismiss or transfer a civil action to any other district in the interest of justice and/or for the convenience of parties and witnesses"); *Schott v. Doe*, No. 05-1730, 2007 WL 539645, at *1 (W.D. Pa. Feb. 15, 2007) (transferring case *sua sponte* pursuant to § 1404(a))); *Bank Express Int'l v. Kang*, 265 F. Supp. 2d 497, 507 n.12 (E.D. Pa. 2003) (transferring venue under § 1404(a) *sua sponte*). The court has broad discretion in making determinations under § 1404(a), and convenience and fairness are considered on a case-by-case basis. *Bent Glass Design*, 2014 WL 550548, at *7. "When deciding . . . whether to transfer venue under § 1404(a), a court should not limit itself solely to the factors enumerated in § 1404(a), but should consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer." *Baez v. Prison Health Servs., Inc.*, No. 06-4923, 2009 WL 2776535, at *3 (E.D. Pa. Aug. 27, 2009) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3rd Cir. 1995)).

In *Jumara v. State Farm Ins. Co.*, the United States Court of Appeals for the Third Circuit provided a non-exhaustive set of factors guiding a decision on whether to transfer, including factors relating to the 'private interest' of the parties and witnesses, and the 'public interest' of the courts and the administration of justice. 55 F.3d 873, 879 (3rd Cir. 1995). The *Jumara* factors include the parties' forum preferences, where the claims arose, the convenience of the parties relative to their physical and financial condition, the convenience of witnesses to the extent they may be unavailable in one of the fora, the location of the books and records, the enforceability of the judgment, the relative administrative difficulties in the two fora, the local interest of deciding local controversies at home, the public polices of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879-80. Applying these

factors and in the interests of justice, the claims involving Gedeon's use of Trulincs at FCI Loretto should be transferred to the Western District where the institution is located, since that is where his claim arose and where he, witnesses, and any records concerning his restrictions and current custody are located.

IV.     **CONCLUSION**

For the reasons provided, Gedeon's application to proceed *in forma pauperis* is granted and his claims involving FDC Philadelphia are dismissed without prejudice for lack of subject matter jurisdiction. All claims involving his custody at FCI Loretto will be transferred to the Western District of Pennsylvania. An appropriate order will be entered.

**BY THE COURT:**


*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**